Nuredin FISEKU, Petitioner,

v.

Alberto R. GONZALES, Attorney General of the United States, Respondent.

Nos. 05–5874–AG (L), 06–806(CON).

United States Court of Appeals, Second Circuit.

Nov. 3, 2006.

Ruchi Thaker, New York, NY, for Petitioner.

David E. O'Meilia, United States Attorney for the Northern District of Oklahoma, Neal B. Kirkpatrick, Assistant United States Attorney, Tulsa, OK, for Respondent.

Present: GUIDO CALABRESI, ROBERT A. KATZMANN and PETER W. HALL, Circuit Judges.

58

Nuredin Fiseku, a native and citizen of Macedonia, seeks review both (1) of a January 24, 2006 order of the Board of Immigration Appeals ("BIA") denying petitioner's motion to reconsider the September 30, 2005 order of the BIA denying petitioner's appeal of the December 15, 2004 decision of Immigration Judge ("IJ") George T. Chew denying petitioner's second motion to reopen his *in absentia* deportation order, and (2) of the September 30, 2005 order of the BIA. *In re Nuredin Fiseku,* No. A27 033 405 (B.I.A. Jan. 24, 2006), *aff'g* No. A27 033 405 (B.I.A. Sept. 30, 2005), *aff'g.* No. A27 033 405 (Immig. Ct. N.Y. City Dec. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

An order of removal or deportation *in absentia* may be rescinded upon a motion to reopen filed within 180 days after the date of the order if the alien demonstrates that the failure to appear was because of exceptional circumstances. 8 U.S.C. § 1229a(b)(5)(C)(i); 8 C.F.R. § 1003.23(i)(4)(iii)(A)(1). A claim of ineffective assistance of counsel, *see Matter of Lozada,* 19 I & N Dec. 637 (1988), may satisfy the requirements of exceptional cir-

cumstances under 8 U.S.C. § 1229a(e)(1), *see Twum v. INS,* 411 F.3d 54, 59, n. 4 (2d Cir.2005), and may serve equitably to toll the 180–day time-period for motions challenging *in absentia* orders. *See Iavorski v. INS,* 232 F.3d 124, 134 (2d Cir.2000). However, "[f]or an untimely claim to receive the benefit of equitable tolling ... an alien must demonstrate not only that the alien's constitutional right to due process has been violated by the conduct of counsel, but that the alien has exercised due diligence in pursuing the case during the period the alien seeks to toll." *Iavorski,* 232 F.3d at 135; *see also Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006) (noting that "an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled").

█ In the instant case, the BIA did not abuse its discretion when it rejected Fiseku's appeal of the IJ's denial of his second motion to reopen the *in absentia* deportation order. For, even assuming Fiseku complied with the requirements for asserting a claim of ineffective assistance of counsel under *Matter of Lozada,* he did not demonstrate due diligence in seeking to reopen based on that claim. Fiseku's entitlement to equitable tolling depends on whether he exercised due diligence in the period between his adjustment interview, in June 2002, and when he filed his second motion to reopen, in November 2004, almost two and one half years later. Fiseku's second motion to reopen offered no explanation—either in his brief, his affidavit, or his documentary evidence—for why he waited until November 2004 before filing that motion. Accordingly, the BIA did not abuse its discretion in denying the second motion to reopen as untimely. *See Jin Bo Zhao v. INS,* 452 F.3d 154, 157 (2d Cir.2006).

Nor the BIA did abuse its discretion when it denied Fiseku's motion to reconsider. In rejecting that motion, the BIA reasonably found that, even if it had considered (as part of a motion to reopen) the "rebuttal evidence" submitted with the motion for reconsideration, it would not have concluded that Fiseku acted with due diligence in the period between June 2002 and November 2004. The rebuttal evidence consisted of: 1) a statement in Fiseku's brief that he failed to file his second motion to reopen with the IJ sooner because "Koleci told him a [second] motion to reopen was filed in July of 2002, and continued to tell him that it was pending until mid-2004, when [Fiseku] finally went to another lawyer who filed a motion to reopen alleging ineffective assistance against ... Koleci"; and 2) a "Second Motion Filed," dated July 10, 2002, which Koleci claimed he filed with the IJ after the June 2002 adjustment interview. In light of Fiseku's failure to make any further inquiries—for almost two and one half years after Koleci told him that he would file another motion in 2002—despite Koleci's poor efforts on Fiseku's behalf over the preceding six years, we cannot say the BIA's due diligence determination constituted an abuse of discretion. *Cf. Iavorski,* 232 F.3d at 134 (declining request to toll "two-year period").

For the foregoing reasons, the petitions for review are DENIED.